Received & Filed 8/23/2022 11:59 AM
Gabriel Garcia, District Clerk
Brazos County, Texas
Jessica Martinez
Envelope# - 67561031

22-001980-CV-361
CAUSE NO. _____

| | | |
|---|---|---|
| **KORINNE MAE LEGGETT,** *Plaintiff* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| | § | BRAZOS COUNTY, TEXAS |
| **SANDERSON FARMS, INC. (PROCESSING DIVISION); SANDERSON FARMS, INC. (PRODUCTION DIVISION); AND SANDERSON FARMS, INC.,** *Defendants* | § § § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Korinne Mae Leggett, Plaintiff, complaining of Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division) and Sanderson Farms, Inc., Defendants, and would respectfully show:

### 1. Discovery Control Plan & Rule 47 Statement

1.1   Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

1.2   Plaintiff requests that this Court enter an order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this specific case.

1.3   As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be

EXHIBIT
2A

reminded that it is solely up to them to award intangible damages for all applicable non-economic damages.

1.4 Despite the foregoing, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Therefore, due to the new rules put in place in 2013, and pursuant to Texas Rules of Civil Procedure 47, Plaintiff, through counsel, hereby states that she is seeking monetary relief of over $1,000,000.

## 2. Parties

2.1 Plaintiff is a resident of Brazos County, Texas.

2.2 In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 205 Winter Park Apt. C, College Station, Texas 77840.

2.3 In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 254 and the last three numbers of Plaintiff's social security number are 112.

2.4 Defendant Sanderson Farms, Inc. (Processing Division) is a Foreign For-Profit corporation doing business in State of Texas.

2.5 Defendant Sanderson Farms, Inc. (Processing Division) may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan, Street, Suite 900, Dallas, Texas, or wherever said agent may be found.

2.6 Defendant Sanderson Farms, Inc. (Production Division) is a Foreign For-Profit corporation doing business in State of Texas.

2.7     Defendant Sanderson Farms, Inc. (Production Division) may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan, Street, Suite 900, Dallas, Texas, or wherever said agent may be found.

2.8     As authorized by Rule 28 of the Texas Rules of Civil Procedure, this suit is brought against all those partnerships, unincorporated associations, private corporations, and individuals, either known or unknown, who are or were, during the period in which the incident made the basis of this lawsuit occurred, including September 28, 2020, doing business as Sanderson Farms, Inc. Further, in the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

### 3. Jurisdiction

3.1     Defendants do business in Texas and are subject to the jurisdiction of this Court.

3.2     Plaintiff's damages are within the jurisdictional limits of this Court.

### 4. Venue

4.1     All or a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred in Brazos County, Texas.

4.2     As set forth below, Plaintiff's causes of action arise out of an occurrence or injury in Brazos County, Texas wherein the negligent conduct of Defendants in Brazos County, Texas was a proximate cause of the occurrence or injury and Plaintiff's damages resulting from the occurrence or injury in question.

4.3     Venue is therefore proper in Brazos County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

### 5. Facts of Case

5.1     On or about September 28, 2020, Plaintiff was working for Sanderson Farms, Inc., as part of the sanitation team, cleaning a machine with a conveyor belt. Upon information and belief, the machine is a SensorX (by Marel). Plaintiff was following standard / routine cleaning protocol when the machine suddenly and unexpectedly sucked her right hand into the machine, eventually crushing and lacerating her hand, causing severe damage to her right hand and arm.

5.2     Plaintiff called for help as the machine was crushing her hands. The employees near Plaintiff did not know how to turn off the machine. None of the supervisors on duty were nearby to assist. Maintenance team members were also not nearby nor accessible, to turn off the machine. Maintenance, finally, appeared to turn off the machine, but not before Plaintiff's right hand was significantly injured. Plaintiff's hand/arm were not free and out of the machine until another employee cut the conveyor belt.

5.3     Plaintiff received her injuries in the course and scope of her employment while working as an employee of Defendants.

5.4     On or about September 28, 2020, Plaintiff was a licensee of Defendants at 2000 Shiloh Ave., Bryan, Texas 77803. Defendants were the owners, controllers, and/or possessors of said premises on said date.

5.5     Although Defendants were an employer in Texas of one or more persons, Defendants failed to maintain workers' compensation insurance coverage on the occasion in question.

## 6. Negligence

6.1     Defendants were negligent for the following acts and/or omissions including but not limited to:

    a.     Failure to provide a safe workplace;

    b.     Failure to provide adequate safety policies and practices;

    c.     Failure to follow adequate safety policies and practices;

    d.     Failure to provide proper assistance and training;

    e.     Failure to provide proper safety equipment;

    f.     Failure to provide properly trained supervisors and/or directors;

    g.     Requiring Plaintiff to perform tasks under conditions as stated above; and

    h.     Negligence in general.

6.2     The above-mentioned acts and/or omissions of Defendants constitute negligence which proximately caused the damages sustained by Plaintiff.

6.3     Plaintiff bases Plaintiff's causes of action upon negligence as this term is defined under the common law and statutes of Texas, and the doctrines of *respondeat superior* and *res ipsa loquitur* are invoked where applicable.

6.4     Furthermore, the term negligence includes causes of action for premises liability and negligent activities.

6.5     Plaintiff would show that Defendants' conduct through its officers, employees, or agents, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which were a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

### 7. Damages

7.1     Plaintiff has suffered damages in the past as well as in the future.

7.2     These damages include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

7.3     The damages include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

7.4     The damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

### 8. Prayer for Relief

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for all damages to which Plaintiff is entitled by law, prejudgment as well as post-judgment interest, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

## 9. Rule 193.7 Notice to Defendants

9.1 TO DEFENDANTS: Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

## 10. Rule 609(f) Request to Defendants

10.1 TO DEFENDANTS: Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

Respectfully submitted,
DANIEL STARK, P.C.

BY: *[signature]*
Veronica Valenzuela
Bar No. 24042080
vvalenzuela@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

Case 4:22-cv-03259   Document 1-2   Filed on 09/23/22 in TXSD   Page 8 of 10

Received & Filed 9/18/2022 7:00 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Kelly D. Thomas
Envelope# - 68365128

CAUSE NO. 22-001980-CV-361

| | | |
|---|---|---|
| KORINNE MAE LEGGETT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SANDERSON FARMS, INC. | § | BRAZOS COUNTY, TEXAS |
| (PROCESSING DIVISION); | § | |
| SANDERSON FARMS, INC. | § | |
| (PRODUCTION DIVISION); AND | § | |
| SANDERSON FARMS, INC., | § | |
| | § | |
| Defendants. | § | 361ST JUDICIAL DISTRICT |

DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division), and Sanderson Farms, Inc., Defendants in the above-entitled and numbered cause, and file this their Original Answer (the "Answer") to Plaintiff's Original Petition (the "Petition"), and for such Answer would respectfully show the Court as follows:

I.

GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained in the Petition, and any and all amendments thereto, and demands strict proof thereof by a preponderance of the evidence. Defendants hereby reserve the right to amend their Answer before the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing upon final hearing or trial hereof; that this suit be dismissed on the merits with prejudice to the refiling of same; and that Defendants be awarded their costs of court, together with such other and

DEFENDANTS' ORIGINAL ANSWER - Page 1

EXHIBIT
2B

further relief, whether general or special, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

By: _____
William O Ashcraft, Esq.
State Bar No. 01372800

ASHCRAFT LAW FIRM
3850 Republic Center
325 North St. Paul Street
Dallas, Texas  75201
Telephone: (214) 987-0660
Facsimile: (214) 987-3847
Email: woa@ashcraftlawfirm.com

ATTORNEYS FOR DEFENDANTS
SANDERSON FARMS, INC.
(PROCESSING DIVISION);
SANDERSON FARMS, INC.
(PRODUCTION DIVISION); AND
SANDERSON FARMS, INC.,

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendants' Original Answer was served via the electronic filing system, upon counsel of record for Plaintiff on this 18th day of September 2022, as follows:

Veronica Valenzuela, Esq.
DANIEL STARK, PC
Post Office Box 1153
100 West William Joel Bryan Parkway
Bryan, Texas 77803
Email: vvalenzuela@danielstarklaw.com

_____
William O Ashcraft

DEFENDANTS' ORIGINAL ANSWER - Page 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68365128
Status as of 9/19/2022 8:50 AM CST

Associated Case Party: KORINNEMAELEGGETT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Veronica Valenzuela | | vvalenzuela@danielstarklaw.com | 9/18/2022 7:00:37 PM | SENT |